ADAM J. FISS, Bar No. 211799
afiss@littler.com
LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, CA 95113.2303
Telephone:   408.998.4150
Fax No.:      408.668.0992

NATHANIEL H. JENKINS, Bar No. 312067
njenkins@littler.com
LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, CA 95814
Telephone:   916.830.7200
Fax No.:      916.561.0828

Attorneys for Defendant
THE TRUSS COMPANY AND BUILDING
SUPPLY, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENEE CRAWFORD,<br><br>Plaintiff,<br><br>v.<br><br>THE TRUSS COMPANY AND BUILDING SUPPLY, INC. and DOES 1 through 25, inclusive,<br><br>Defendant. | Case No.<br><br>[Sacramento County Superior Court Case No. 34-2019-00260796]<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. § 1441**<br><br>**[DIVERSITY JURISDICTION]**<br><br>Complaint Filed: July 18, 2019 |

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

NOTICE OF REMOVAL OF CIVIL ACTION TO
FEDERAL COURT UNDER 28 U.S.C. § 1441

**TO THE CLERK OF THE U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF RENEE CRAWFORD AND HER ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE that Defendant THE TRUSS COMPANY AND BUILDING SUPPLY, INC. ("Defendant" or "Truss Co."), a Washington corporation, removes to this Court the state court action described herein. Defendant removes the captioned action from the Superior Court of the State of California in and for the County of Sacramento. Removal jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1441(a) and (b) due to complete diversity of the parties' citizenship.

## I.

## STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this action under the diversity of citizenship statute. 28 U.S.C. § 1332(a). In relevant part, the diversity statute grants district courts original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. As set forth below, this case meets all of the diversity statute's requirements for removal and is timely and properly removed by the filing of this Notice.

## II.

## PLEADINGS, PROCESS, AND ORDERS

2. On July 18, 2019, Plaintiff Renee Crawford ("Plaintiff") filed a Complaint against Defendant and Does 1-25 in the Sacramento County Superior Court: *Renee Crawford v. The Truss Company and Building Supply, Inc.,* Case No. 34-2019-00260796 (the "State Court Action"). The Complaint asserts the following causes of action: (1) sexual harassment in violation of the Fair Employment and Housing Act, Government Code § 12940 *et seq.* ("FEHA"); (2) discrimination on the basis of gender in violation of FEHA; (3) wrongful termination in violation of public policy; (4) retaliation in violation of FEHA; (5) failure to prevent unlawful discrimination, harassment, and retaliation in violation of FEHA; (6) negligent supervision and retention of employee; and (7) vicarious liability: negligent and intentional infliction of emotional distress.

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

NOTICE OF REMOVAL OF CIVIL ACTION TO
FEDERAL COURT UNDER 28 U.S.C. § 1441      2.

3.    On July 31, 2019, Plaintiff served Defendant with the Summons and Complaint. True and correct copies of these documents, including attachments, are attached to the Declaration of Nathaniel H. Jenkins ("Jenkins Decl."), ¶ 2, **Exhibit A.**

4.    On August 29, 2019, Defendant filed a general denial and affirmative defenses to the Complaint in Sacramento County Superior Court.  A true and correct copy of Defendant's general denial and affirmative defenses is attached to the Jenkins Declaration, ¶ 3, **Exhibit B.**

5.    Pursuant to 28 U.S.C. § 1446(d), the attached exhibits constitute all process, pleadings, and orders served on Defendant in the State Court Action.  To Defendant's knowledge, no other process, pleadings, or orders related to this case have been filed or served by any party in the State Court Action. Jenkins Decl., ¶ 4.

6.    To Defendant's knowledge, no proceedings related hereto have been heard in the State Court Action. Jenkins Decl., ¶ 5.

### III.

### TIMELINESS OF REMOVAL

7.    This Notice of Removal is timely filed as it is filed within thirty (30) days of July 31, 2019, the date of service of the Summons and Complaint, and within one year from the commencement of the State Court Action.  *See* 28 U.S.C. § 1446(b).

### IV.

### DIVERSITY JURISDICTION

8.    This Court has original jurisdiction of the State Court Action based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a).  Pursuant to 28 U.S.C. § 1441(a) and (b), the State Court Action may be removed to this Court by Defendant because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs, as set forth below.

**A.    Diversity of Citizenship**

9.    <u>Plaintiff is a Citizen of California.</u>  For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983).  A person's domicile is the place he or she resides with the intention to remain,

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. § 1441

3.

or to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

10. At the time Plaintiff commenced the State Court Action, and at the time of removal, Plaintiff was a citizen of the State of California. Plaintiff alleges in the Complaint that "(a)t all relevant times hereto, Plaintiff was a resident of the county of Sacramento, in the State of California." Compl. ¶ 1; *see also Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (residency can create a rebuttable presumption of domicile supporting diversity of citizenship); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *Smith v. Simmons*, 1:05-CV-01187-OWW-GSA, 2008 WL 744709, at *22 (E.D. Cal. March 18, 2008) (place of residence provides "prima facie" case of domicile). Thus, Plaintiff is a citizen of California for diversity jurisdiction purposes.

11. <u>Defendant is not a Citizen of California.</u> Defendant The Truss Company and Building Supply, Inc. is a corporation organized and existing under the laws of the state of Washington. Declaration of Roger Helgeson ("Helgeson Decl.") ¶ 2. It is well settled that a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

12. With regard to the corporate citizenship analysis, the United States Supreme Court has made clear that a single, uniform test – the "nerve center" test – shall be applied in determining a corporation's "principal place of business." *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Although courts previously employed one of a number of tests to determine a corporation's "principal place of business," the United States Supreme Court clarified this uncertainty and announced a single, uniform test to be applied in making such a determination. *Id.* In this regard, the Court held that the "nerve center" test should be used to determine a corporation's "principal place of business." *Id.* To this end, the Court reasoned that a corporation's "nerve center" is normally located where the corporation maintains its corporate headquarters and where the "corporation's officers direct, control, and coordinate the corporation's activities." *Id.* In other words, a corporation's

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. § 1441

4.

"principal place of business" can be found where the corporation's "brain" is located. *Id.* at 95.

13.    Applying the above analysis, the principal place of business, or "nerve center" of Defendant The Truss Company and Building Supply, Inc. is located in Sumner, Washington. Defendant has at all times had its principal place of business and headquarters in Sumner, Washington. Helgeson Decl. ¶ 2.  Defendant's high level officers direct, control, and coordinate the Company's corporate and business activities from Sumner, Washington.  *Id.*  Defendant makes and implements company-wide operating, financial, investment, employee relations, marketing, accounting, income tax, treasury, and legal policy decisions from its Virginia headquarters. (*Id.*)  Accordingly, Defendant The Truss Company and Building Supply, Inc. is not a citizen of California, but rather is a citizen of the State of Washington for purposes of determining diversity of citizenship.

14.    The presence of Doe defendants in this case has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(b) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

15.    Therefore, since Defendant is <u>not</u> a citizen of the forum State, *i.e.*, California, complete diversity exists for purposes of 28 U.S.C. § 1332. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

**B.    <u>Amount in Controversy</u>**

16.    Defendant only needs to show by a preponderance of the evidence (that it is more probable than not) that Plaintiff's claimed damages exceed the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).  Further, the U.S. Supreme Court has held under 28 U.S.C. § 1446(a), a defendant seeking to remove a case to federal court need only file "a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014).  The Court further held this language "tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure, and that "[a] statement 'short and plain' need not contain evidentiary submissions." *Id.* Here, the Court can reasonably ascertain from the Complaint and its Prayer for Relief that the amount in controversy exceeds $75,000. *See Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

NOTICE OF REMOVAL OF CIVIL ACTION TO
FEDERAL COURT UNDER 28 U.S.C. § 1441

5.

(9th Cir. 1997) ("The district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy.").

17.     In her Complaint, Plaintiff seeks economic damages for substantial losses in earnings and other employment benefits, embarrassment, humiliation, mental anguish, and emotional stress. Compl. ¶¶ 67, 68, 69, 70, 76, 77, 78, 79, 86, 87, 88, 89, 95, 96, 97, 98, 106, 107, 108, 109, 116, 117, 118, 119, 127, 128, 129, 130, and Prayer for Relief.

18.     Plaintiff alleges that from June 2017 through January 2018, she worked as a "a full time TRUSS designer that worked forty hours a week." Compl. ¶ 10.   Plaintiff was paid a rate of $22.00 per hour, or $45,760.00 annually, at the time of her termination.   Helgeson Decl. ¶ 5. Assuming that Plaintiff would have continued to work on a full-time basis, and conservatively estimating that this case will go to trial in August 2020, just over one year from the date Plaintiff filed her Complaint, back pay damages will be approximately $76,267.00.

19.     Plaintiff also may be seeking future damages or front pay.   Such awards in California often span several years. *See Smith v. Brown-Forman Distillers Corp.*, 196 Cal. App. 3d 503, 518 (1989) (front pay until mandatory retirement age reached); *Rabago-Alvarez v. Dart Indus.*, 55 Cal. App. 3d 91, 92 (1976) (four years); *Drzewiecki v. H & R Block, Inc.*, 24 Cal. App. 3d 695, 705 (1972) (ten years).  Even conservatively estimating that Plaintiff seeks front pay damages for only two years, and would not have received a pay increase, the amount of future wages in controversy in this case would total at least an additional $91,520.00.  Thus, it may reasonably be estimated that Plaintiff's claims involve possible back pay and front pay damages which alone total in excess of $167,787.00.

20.     Plaintiff further is apparently seeking damages for emotional distress.   These claims further augment her claim for past and future lost wages. *See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (plaintiff's claims for pain and suffering and humiliation may properly be factored into jurisdictional analysis for purposes of removal); *see also Richmond v. Allstate Ins. Co.,* 897 F. Supp. 447, 450 (S.D. Cal. 1995) (noting that emotional distress damages, although vaguely pled, were potentially substantial); *Simmons v. PCR Technology,* 209 F. Supp. 2d 1029, 1033-34 (N.D. Cal. 2002) (acknowledging that while plaintiff was only employed by the defendant for four months, "emotional distress damages in a successful employment discrimination case may be

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

NOTICE OF REMOVAL OF CIVIL ACTION TO
FEDERAL COURT UNDER 28 U.S.C. § 1441                    6.

substantial"). In *Kroske v. U.S. Bank Corp.*, 432 F.3d 976 (9th Cir. 2005), the Ninth Circuit upheld the lower court's finding that the amount in controversy had been established. In reaching its holding, the Ninth Circuit reasoned that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" where she had only $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." *Id.* at 980. Using the *Kroske* "formula" as a baseline, the emotional distress component of Plaintiff's claims could add at least $25,000 to the amount in controversy, if not more.

21.    Plaintiff also seeks punitive damages in connection with her allegations. (Compl. ¶¶ 69, 79, 88, 97, 108, 118, 129, and Prayer for Relief.) The Court must take into account punitive damages for purposes of determining the amount in controversy where such damages are recoverable under state law. *Davenport v. Mut. Benefits Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002); *Simmons*, 209 F. Supp. 2d at 1033 (jury verdicts in other "cases amply demonstrate the potential for large punitive damage awards in employment discrimination cases"). California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code section 3294. *Boyle v. Lorimar Prods., Inc.*, 13 F.3d 1357, 1360 (9th Cir. 1994). Additionally, employment discrimination cases have the potential for large punitive damages awards. *Simmons*, 209 F. Supp. 2d at 1033. A punitive damages award may equal as much as four times the amount of the actual damages award. *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003). In *Aucina v. Amoco Oil, Co.*, 871 F. Supp. 332 (S.D. Iowa 1994), the defendant employer established that the amount in controversy exceeded the jurisdictional minimum in a discrimination and wrongful discharge lawsuit where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages. The court noted that "[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct," the plaintiff's claim for punitive damages "might alone" exceed the jurisdictional minimum. *Id.* at 334. Although Defendant vigorously denies Plaintiff's allegations, if Plaintiff were to prevail on her punitive damages claim, that claim alone could exceed the jurisdictional minimum.

///

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

NOTICE OF REMOVAL OF CIVIL ACTION TO
FEDERAL COURT UNDER 28 U.S.C. § 1441

7.

22.    Finally, Plaintiff seeks costs and attorneys' fees in connection with her claims. Compl. ¶¶ 70, 80, 89, 98, 109, 119, 130, and Prayer for Relief . It is well-settled that when authorized by statute, attorneys' fees are to be included in the calculation of the amount of Plaintiff's claims for purposes of determining whether the requisite jurisdictional minimum is met. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy"); *Brady*, 243 F. Supp. 2d at 1010-11 (in deciding amount in controversy issue, court may estimate amount of reasonable attorneys' fees likely to be recovered by plaintiff if she were to prevail). Plaintiff may recover attorneys' fees on all of her causes of action under the FEHA because the FEHA authorizes an award of reasonable attorneys' fees to a prevailing plaintiff. CAL. GOV'T CODE §12965(b).

23.    Moreover, a defendant may use damage awards in other cases to establish the amount in controversy. *Simmons*, 209 F. Supp. 2d at 1033. Attorneys' fee awards in FEHA cases can be sizeable. *See, e.g., Beaty v. BET Holdings, Inc.*, 222 F.3d 607 (9th Cir. 2000) (recognizing that award of attorneys' fees of $376,520 may be appropriate in FEHA case where compensatory damages were only $30,000, but remanding to district court to clarify whether court had properly exercised its discretion to consider reducing the fee award). Other California courts have upheld large attorneys' fee awards in FEHA cases. *See Flannery v. Prentice*, 26 Cal. 4th 572 (2001) (affirming award of attorney's fees and costs of $891,042); *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470 (9th Cir. 1995) (affirming $724,380 attorneys' fee award in FEHA and ADEA case where plaintiffs' damages awards were significantly less). Thus, Plaintiff's demand for attorneys' fees further increases the amount in controversy.

24.    Plaintiff also seeks such open-ended relief "[f]or such other and further [ ] relief as the court may deem proper." Prayer for Relief. Although uncertain in amount, these additional damages claims only serve to increase the amount in controversy. *See Lewis v. Exxon Mobil Corp.*, 348 F. Supp. 2d 932, 932-934 (W.D. Tenn. 2004) ("open ended" relief sought by plaintiff, who prayed for "judgment to be determined by a jury, for all incidental, consequential, compensatory and punitive damages" established that her case met amount in controversy requirement even though she plead in

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

NOTICE OF REMOVAL OF CIVIL ACTION TO
FEDERAL COURT UNDER 28 U.S.C. § 1441

8.

the complaint that she did not assert claims in excess of $75,000.)

25.     In sum, although Defendant does not concede Plaintiff's claims have any merit, based on the above information, it is certain that the amount in controversy for Plaintiff's claims more likely than not exceeds the $75,000 jurisdiction requirement, exclusive of interest and costs.  Thus, this Court has original jurisdiction over the claims asserted by Plaintiff in the State Court Action based on diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1441(a).

## V.

## VENUE

26.     Venue lies in the Eastern District of California pursuant to 28 U.S.C. sections 84(a), 1441(a), and 1446(a).  Plaintiff originally brought the State Court Action in the Superior Court of the State of California, County of Sacramento.  Pursuant to Eastern District Local Rules 120(d), the appropriate assignment of the State Court Action is to the Sacramento Division of this Court.

## VI.

## NOTICE OF REMOVAL

27.     Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Eastern District of California, the undersigned is providing written notice of such filing to Plaintiff's counsel of record: Stephen Mitchell and Heng Guang Shi, Mitchell at Law, 600 W. Broadway, Suite 920, San Diego, California 92101.  In addition, a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of Sacramento. Jenkins Decl., ¶ 6.

## VII.

## CONCLUSION

WHEREFORE, Defendant The Truss Company and Building Supply, Inc., removes the action now pending against it in the Sacramento County Superior Court, to the United States District Court for the Eastern District of California, and requests that this Court retain jurisdiction for all further proceedings.

///

///

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

NOTICE OF REMOVAL OF CIVIL ACTION TO
FEDERAL COURT UNDER 28 U.S.C. § 1441                9.

Dated:  August 30, 2019                    LITTLER MENDELSON, P.C.


By:  */s/ Nathaniel H. Jenkins*
       ADAM J. FISS
       NATHANIEL H. JENKINS
       Attorneys for Defendant

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

NOTICE OF REMOVAL OF CIVIL ACTION TO
FEDERAL COURT UNDER 28 U.S.C. § 1441                    10.