UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENEE CRAWFORD, | No. 2:19-cv-01716 JAM AC |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| THE TRUSS COMPANY AND BUILDING SUPPLY, INC., | |
| Defendant. | |

     Before the court is defendant's motion to compel discovery, filed August 26, 2020, with a requested hearing date of September 9, 2020. ECF No. 12. The motion was taken under submission. ECF No. 13. Discovery in this case is to be completed by September 11, 2020. ECF Nos. 7, 11. The court's pre-trial scheduling order specified that "completed' means that "all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with." ECF No. 7 at 5.

     Defendant's motion to compel is untimely and therefore will not be considered. Although defendant notes that it is entitled to bring its motion on 14 days' notice pursuant to Local Rule 251(e), a hearing set for two days before the close of discovery does not allow time for compliance with any order that would issue. This is particularly the case here as defendant asks to compel plaintiff to appear at a deposition as well as make a production of documents

responsive to discovery requests.  ECF No. 12 at 3.  Defendant states that plaintiff was communicative[1] through May 16, 2020, after which point plaintiff became non-responsive.  Id. However, defendant does not explain why it waited until the end of August – ten business days before the close of discovery[2] – to bring this motion, other than engaging in sporadic meet and confer attempts between May 16 and August 25, 2020.  ECF No. 12-1 at 8-9.  Defendant also does not explain why it has not obtained or sought a modification of the operative scheduling order in light of plaintiff's non-responsiveness.  While the court does appreciate counsel's understanding that the meet and confer process is both important and required, the extended delay in this case has rendered the instant motion untimely.

As it stands, the court cannot possibly issue an order on this motion that would allow time for compliance.  The parties are free to continue to engage in informal negotiations regarding discovery, but the right to seek enforcement by this court has concluded.  Because defendant's motion (ECF No. 12) is untimely it is DENIED.

IT IS SO ORDERED.

DATED: August 26, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff's initial communications regarding discovery call into question whether LR 251(e), which is reserved for situations in which there is "a complete and total failure to respond to a discovery request," would apply.  Local Rule 251(a), with a 21-day notice period, is likely controlling here, but the court need not decide as the motion is untimely regardless.

[2] The court is closed for Labor Day on September 7, 2020.