UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENEE CRAWFORD, | No. 2:19-cv-01716 JAM AC |
| Plaintiff, | |
| v. | ORDER |
| THE TRUSS COMPANY AND BUILDING SUPPLY, INC., | |
| Defendant. | |

Plaintiff is appearing in this case in pro se following withdrawal of counsel, and the case was accordingly referred to the magistrate judge pursuant to Local Rule 302(c)(21). ECF Nos. 8, 9, 11. Before the court is defendant's motion to compel discovery, filed November 6, 2020. ECF No. 17.[1] According to the statement of discovery disagreement submitted by defendant, plaintiff refused to participate in the filing of a joint statement as required by the local rules. ECF No. 19 at 2. Defendant gives a detailed account of attempts to meet and confer with plaintiff both when she was represented by counsel and following the disassociation of counsel. Id. at 3-11.

**I.     Motion**

Defendant moves to compel responses to its Interrogatories, Set One, and Requests for

---

[1] Defendant previously filed a motion to compel that was denied as untimely. ECF Nos. 12, 14. The discovery deadline in this case has since been extended to March 12, 2021, rendering the current motion timely. ECF No. 16.

1

Production, Set One, each served on plaintiff on November 18, 2019.  ECF No. 19 at 3.  Plaintiff's responses are now nearly a year overdue.  Id.

## II.  Analysis

### A.  Failure to Respond to Discovery Requests

The Federal Rules require parties to respond to propounded interrogatories and requests for production within 30 days.  See Fed. R. Civ. P. 33(b)(2) ("The responding party must serve its answers and any objections within 30 days after being served with the interrogatories."), 34(b)(2)(A) ("The party to whom the request is directed must respond in writing within 30 days after being served . . . .").  Under Rule 37(a), a party may move for an order compelling disclosure or discovery if a party fails to answer an interrogatory submitted under Rule 33 or fails to produce documents requested under Rule 34.  Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv).  A motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make . . . discovery in an effort to obtain it without court action."  Fed. R. Civ. P. 37(a)(1).

In this case, the defendant properly served plaintiff with its first set of interrogatories and requests for production in November of 2019.  ECF No. 19 at 3-4.  The undisputed timeline of events preceding the instant motion confirms that plaintiff has had several opportunities to provide the discovery responses in question, and that defense counsel has been reasonable in granting extensions and attempting to resolve this dispute.  Plaintiff's responses are now overdue by nearly one year.  See Fed. R. Civ. P. 33(b)(2) (30 days), 34(b)(2)(A) (same); see also Fed. R. Civ. P. 6(d) (adding 3 days for service by mail).  Defendant asserts that, to date, it has not received any response to the served interrogatories or requests for production.  ECF No. 19 at 4.

Because plaintiff has completely failed to timely respond or object to the discovery requests, she has waived any objections to them.  See Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection.").  Plaintiff's lack of opposition or contribution to defendant's motion to compel further prevents the undersigned from finding good cause to permit plaintiff to assert any objections to the written

2

discovery at issue. Accordingly, defendant's motion to compel plaintiff to respond to its Interrogatories, Set One and Requests for Production of Documents, Set One will be granted, and plaintiff will be ordered to provide those responses within ten days and without objections.

Defendant seeks no further relief at this juncture, and therefore no further relief is granted. As a self-represented litigant, plaintiff must follow the Federal Rules of Civil Procedure and the Local Rules of this Court, and she is obligated to participate in the discovery process. Failure to do so could result in sanctions including dismissal of this case.

### III.   Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that defendant's motion to compel plaintiff to answer its interrogatories and to respond to its requests for production (ECF No. 17) is GRANTED. Within ten days of entry of this order, plaintiff shall serve defendant with answers to its Interrogatories, Set One and responses to its Requests for Production of Documents, Set One. Failure to comply with this order may result in sanctions.

DATED: December 1, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE