UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENEE CRAWFORD, | No. 2:19-cv-01716 JAM AC (PS) |
| Plaintiff, | |
| v. | ORDER |
| TRUSS COMPANY AND BUILDING SUPPLY, INC., | |
| Defendant. | |

On November 6, 2020, defendant filed motion to compel plaintiff to respond to discovery, indicating that plaintiff had initially been communicating with defendant, but that communication had dropped off and that plaintiff had not been actively participating in discovery since her counsel withdrew and she began representing herself in pro se. ECF No. 17. The motion was granted, and plaintiff was ordered to provide discovery responses within 10 days, by December 11, 2020. ECF No. 21. On January 5, 2021, defendant filed a motion for sanctions indicating that plaintiff has refused to comply with the court's order and has sent an e-mail to defense counsel stating she is unable to obtain counsel and does not understand what her obligations are. ECF No. 22-2 at 3 (quoting an e-mail from plaintiff stating "I literally have no idea what u [sic] want from me. If I can get a phone number to call the judge and tell her we are lock down here in Sacramento and I am not able to get a new attorney to explain any of this to me."). Plaintiff did not respond to the motion for sanctions.

As a self-represented litigant, plaintiff must follow the same rules that lawyers follow. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995), cert. denied 116 S. Ct. 119 (1995).  The most important such rules are the Federal Rules of Civil Procedure and the Local Rules of this court, both of which are available on the court's website.  As a self-represented litigant, plaintiff is also responsible for following court orders. McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir. 1988). Plaintiff has been ordered to provide responses to defendant's discovery requests, which means that she must provide her written answers to the questions asked in defendant's Interrogatories, and she must provide copies of documents that respond to defendant's Requests for Production. See ECF No. 21.  Her failure to do so means that her case could be dismissed as a sanction. Plaintiff has also failed to respond to the motion for sanctions, which means that the motion could be summarily granted without consideration of her position.  See Local Rules 230(c), 251(e).

It has been over a year since defendant served its outstanding discovery requests.  Based on the history of this case, it appears to the court that plaintiff may be unable to prosecute this lawsuit at this time.  Good cause appearing, IT IS HEREBY ORDERED that plaintiff shall show cause in writing, within 14 days, why the undersigned should not issue a recommendation that this case be dismissed without prejudice for failure to prosecute.  **The filing of an opposition or statement of non-opposition to defendant's pending motion for sanctions within this timeframe will serve as cause and will discharge this order.  Opposition to the sanctions motion should explain not only why plaintiff has failed to comply with the court's orders, but what she is doing to meet her obligations.**  If plaintiff intends to pursue her case, she must promptly do her best to provide the long-overdue discovery responses.  Not having a lawyer is not an excuse for failing to participate in discovery and follow court orders.  If plaintiff fails to respond to this order, the court will recommend dismissal of her case without prejudice pursuant to Local Civil Rule 110.

DATED: January 19, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2